IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD S. WALLICK<br>19255 NW North Star Drive<br>Banks, Oregon 97106<br><br>Plaintiff,<br><br>v.<br><br>AGRICULTURAL MARKETING SERVICE<br>1400 Independence Avenue, S.W.<br>Washington, DC 20250<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.16-cv-2063<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

**I. INTRODUCTION**

1. Plaintiff Richard Wallick ("Plaintiff") brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 et. seq., by Defendant Agricultural Marketing Service ("AMS") in failing to provide Plaintiff with all nonexempt records pursuant to his February 25, 2016 FOIA and his March 7, 2016 request sent to the AMS, seeking all records since January 1, 2007 pertaining to an application submitted by the Organic Materials Review Institute ("OMRI") for the

y
z
w

NOSB's ISO 65 Program and any follow up actions by the agency relating to the review and/or approval of this application.

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3. Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4. Plaintiff, Richard Wallick, is an individual who, at all times relevant herein, has resided in Washington County, Oregon.

5. Defendant Agricultural Marketing Service is a federal agency of the United States, and as such, is subject to FOIA, pursuant to 5 U.S.C. § 552(f).

## V. LEGAL FRAMEWORK OF FOIA

6. FOIA requires, inter alia, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7. FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8. FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9. FOIA, 5 U.S.C. § 552(a)(4)(A)(viii), states "An agency shall not assess search fees (or in the case of a requester described under clause (ii)(II), duplication fees) under this subparagraph if the agency fails to comply with any time limit under paragraph (6), if no unusual or exceptional circumstances (as those terms are defined for purposes of paragraphs (6)(B) and (C), respectively) apply to the processing of the request.

10. FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). See 5 U.S.C. § 552(a)(6)(C).

11. FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant. 5 U.S.C. § 552(a)(4)(B).

12. Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

13. Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action. 5 U.S.C. § 552(a)(4)(E).

## VI. FACTUAL ALLEGATIONS FOR PLAINTIFF'S 2016 FOIA REQUESTCLAIM

14. On or about February 25, 2016 Plaintiff sent a FOIA request to the Agricultural Marketing Service (AMS), seeking all records since January 1, 2007 pertaining to an application submitted by the Organic Materials Review Commission ("OMRI") for the NOSB's ISO 65 Program and any follow up actions by the agency relating to the review and/or approval of this application.

15. On or about March 7, 2016 Plaintiff's counsel wrote Defendant and provided a revised and corrected request. Plaintiff again requested application records submitted by OMRI for the NOSB's ISO 65 program and related agency records.

16. On or about March 10, 2016 Defendant provided notice of recipient of Plaintiff's February 25, 2016 FOIA request, which indicated that the agency had assigned the February 25, 2016 FOIA request tracking number 2016-AMS-02754-F.

17. On or about May 18, 2016 Defendant sent an initial interim response with some records, indicating further records to be provided, "no later than June 16, 2016."

18. As of the date of the filing of this action Plaintiff has not received all nonexempt documents from the Defendant nor any indication of when those documents might be forthcoming.

## VII. CLAIM USDA VIOLATION OF FOIA

19. Plaintiff realleges, as if fully set for herin, paragraphs 1 – 18 previously set forth herein.

20. Defendant AMS has violated FOIA by failing to provide Plaintiff with all non-exempt responsive records for his February 25, 2016 and March 7, 2016 FOIA requests, and by failing to

complete an adequate search which was reasonably calculated to locate all response responsive records to his FOIA request.

21. By failing to provide Plaintiff with all non-exempt responsive records to his February 25, 2016 and March 7, 2016 FOIA requests as described above, and by failing to perform an adequate search for responsive records, Defendant AMS has denied Plaintiff's right to this information as provided by the law under the Freedom of Information Act.

22. Unless enjoined by the Court, Defendant AMS will continue to violate Plaintiff's legal rights to be provided with copies of the records which it has requested in its FOIA request described above.

23. Plaintiff is directly and adversely affected and aggrieved by Defendant's failure to provide responsive records to its FOIA request described above.

24. Plaintiff has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

25. Plaintiff is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552 (a)(4)(E).

## VIII.  REQUESTS FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgement for Plaintiff providing the following the Relief:

1. Declare Defendant Agricultural Marketing Service has violated FOIA by failing to provide Plaintiff with all non-exempt records responsive to his February 25, 2016 FOIA request and his March 7, 2016 FOIA request.

2. Declare Defendant Agricultural Marketing Service has violated FOIA by failing to complete an adequate search for records responsive to his February 25, 2016 FOIA request and his March 7, 2016 FOIA request.

3. Direct by injunction that Defendant Agricultural Marketing Service perform an adequate search for records responsive to his February 25, 2016 FOIA request and March 7, 2016 FOIA request and provide Plaintiff with all non-exempt responsive records to Plaintiff's February 25, 2016 FOIA request and his March 7, 2016 FOIA request.

4. Grant Plaintiff's cost of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

5. Provided such other relief as the deems just and proper.

Dated This 17th day of October, 2016,

Daniel J. Stotter, #WI0015
Stotter & Associates LLC
408 SW Monroe Avenue, Suite M210E
Corvallis, Oregon 97333
541-738-2601
dstotter@qwestoffice.net
Lead Attorney for Plaintiff

/s/ C. Peter Sorenson
C. Peter Sorenson (DC Bar # 438089)
Sorenson Law Office
PO Box 10836
Eugene, Oregon 97440
petesorenson@gmail.com
541-606-9173
Attorney for Plaintiff